Hearing Date: May 1, 2014 at 10:00 am
Re: ECF No. 4

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MARCIA CAMPBELL,<br><br>    *Debtor*. | Chapter 13<br><br>Case No. 13-40003 (ALG) |

**OBJECTION OF 3939 WPR FUNDING LLC TO DEBTORS' CHAPTER 13 PLAN**

    3939 WPR Funding LLC ("WPR Funding"), by and through its counsel, hereby objects to the above-captioned debtors' (the "Debtors") proposed chapter 13 plan (the "Plan"). In support hereof, WPR Funding incorporates by reference as if fully set forth herein its proof of claim and exhibits thereto (the "Proof of Claim") filed with this Court on February 5, 2014 [Claim No. 7], and respectfully states as follows:

**OBJECTION**

    1.  WPR Funding holds a first priority, fully secured Note and Mortgage (each as defined in the Proof of Claim) on that certain piece of real property located at 3939 White Plains Road, Bronx, New York 10466 [Block 4825, Lot 5] (the "Property"), an investment property the Debtor seeks to retain under the Plan. The Plan contains errors and omissions, does not comply with the applicable provisions of the Bankruptcy Code and is not feasible as proposed. For the reasons discussed herein, the Plan as submitted is unconfirmable. Accordingly, confirmation should be denied or adjourned until an amended Plan is proposed and reviewed by creditors.

**The Plan Contains Errors and Omissions**

2. The Plan contains obvious errors and omissions that preclude confirmation.[1] As an initial matter, it does not appear to have been fully filled out and is therefore not ready for confirmation.

3. First, as set forth in the Proof of Claim, WPR Funding holds claim against the Debtor in the amount of $479,428.08, which claim is fully secured by a first lien on the Property. The Plan claims WPR Funding is owed just $405,000. The Plan should not be confirmed until this issue is resolved and/or the Debtor reserves sufficient funds to confirm a plan in the final allowed amount of WPR Funding's claim.

4. Next, section D, Category 2(a)(iv) concerning arrears on account of secured claims is blank. This is an obvious error that must be corrected before the Plan comes before the Court. As set forth in the Proof of Claim, the arrears owed to WPR Funding total no less than $121,539.66 as of the Petition Date. That figure is higher today since only partial postpetition payments have been made.

5. Based on an appraisal filed as an attachment to creditor Ninel Baker's objection to confirmation, the Property has a value of $700,000. The Plan claims the Property is valued at $380,000. This is a material issue that must be resolved or fully reserved for pending resolution.

**The Plan Does Not Comply with Various Provisions of the Bankruptcy Code**

6. The Debtor and Plan do not comply with several provisions of the Bankruptcy Code. The Plan does not comply with section 1322(e) of the Bankruptcy Code. Although it is difficult to understand what the Debtor seeks to do under this Plan, it appears that the Debtor intends to reinstate the mortgage under the Plan by curing the default. Section 1322(e) of the

---

[1] The Plan incorrectly states that the petition date is November 29, 2013. It was not. It was December 8, 2013 (the "Petition Date").

- 2 -

Bankruptcy Code requires that the cure be determined under the relevant agreements and applicable non-bankruptcy law.  Section 1322(e) provides as follows:

> (e) Notwithstanding subsection (b)(2) of this section and sections 506(b) and 1325(a)(5) of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law.

11 U.S.C. § 1322(e).  Accordingly, the Plan must be revised to take into account the full cure amount applicable to WPR Funding's claim in accordance with the note and mortgage consistent with state law.

7. The Debtor cannot satisfy the feasibility requirement of section 1325(a)(6). Based on the arrears discussed above and the amounts provided for in the Plan, the Plan is not feasible. At a minimum pursuant to section 1322(e), just to WPR Funding alone, the Debtor would have to repay no less than $121,539.  The stated Plan payments total just $92,000.  Even if other creditors are not taken into account, there are insufficient funds to confirm the Plan.

8. The Debtor has not complied with the requirements of section 1326 of the Bankruptcy Code.  Section 1326(a)(1) requires the Debtor to commence making plan payments within the earlier of 30 days of the filing of the plan or the order for relief.  As of today, the Debtor has only made only three payments to WPR Funding postpetition even though this case has been pending over four months.  Each of the three payments has been in a different amount and it is not clear how much the Debtor actually intends to pay on a regular basis.

9. The case commenced on December 8, 2013.  The first postpetition payment was due on January 8, 2014.  Had a payment been received by that date, the Debtor would have been timely for a January payment.  That was not the case.  The first payment was received approximately a month later on February 21, 2014 in the amount of $2,810.  The next payment was received on March 12, 2014 in the amount of $2,494.  This payment would have been

applicable to February. Accordingly, it too was late. Monthly payments under the note and mortgage are due on or before the 10th day after the month begins, so even assuming this payment was for March, it was still late. On April 2, 2014, the Debtor made its most recent payment in the amount of $3,126.

10. If the Debtor cannot stay current during the period leading up to confirmation, there is no reason to believe she will stay current after confirmation. If anything, given the postpetition defaults to-date, plus the adjustments that must be made to bring the Plan into compliance with section 1322(e), there does not appear any basis for a feasibility determination.

11. The Plan does not comply with section 1325(a). The Plan must make clear that pending completion of all Plan payments and full payment of the amounts due to WPR Funding under its note and mortgage, WPR Funding's first priority mortgage remains unaltered and in full force and effect according to its terms.

12. The Debtor has presumably used but not sought Court approval for the use of cash collateral as required by section 363 of the Bankruptcy Code. *See* 11 U.S.C. § 363(c)(2)("The trustee may not use . . . cash collateral . . . unless . . . (A) each entity that has an interest . . . consents; or (B) the court, after notice and a hearing, authorizes such use . . ."). The failure to obtain court permission or consent has been grounds to deny confirmation. *See e.g. Cothran v. United States*, 45 B.R. 836, 838 (S.D. Ga. 1984) (affirming bankruptcy court's dismissal and denial of confirmation where court found chapter 11 debtor had used cash collateral without court or secured lender permission). The Property is an investment property and creditors have no idea how much money is coming in on a monthly basis postpetition and how those funds are being disbursed. Cash collateral should not leave the estate absent consent or court order. As in chapter 11, chapter 13 confirmation requires that the Plan "complies with the provisions of this

chapter and with other applicable provisions of [title 11.]", which includes section 363(c)(2). *See* 11 U.S.C. § 1325(a)(1).

13. For all of the reasons set forth herein, WPR Funding requests that the Court deny confirmation of the Plan and/or adjourn this matter until an amended Plan is filed and reviewed by creditors.

## RESERVATION OF RIGHTS

14. WPR Funding hereby reserves its right to supplement this objection with respect to any amended plan's compliance with section 1325(a)(5), or on the grounds stated herein, or on any other grounds, to respond to any revised chapter 13 plan proposed in this case.

## CONCLUSION

15. For all of the reasons set forth herein, WPR Funding requests that the Court deny confirmation of the Plan as proposed and/or adjourn this matter until an amended Plan is file and reviewed by creditors.

Dated: April 18, 2014
      New York, New York

RAVERT PLLC

By: /s/ Gary O. Ravert
    Gary O. Ravert
    116 West 23 Street, Fifth Floor
    New York, New York 10011
    Tel: (646) 961-4770
    Fax: (917) 677-5419

*Attorneys for 3939 WPR Funding LLC*