UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

    Marcia Campbell

        Debtor

Chapter 13

Case No. 13-40003-ALG

---

### DEBTOR'S OPPOSITION TO 3939 WPR FUNDING LLC'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The debtor in the captioned chapter 13 case, Marcia Campbell, (the "Debtor"), by and through her undersigned counsel, submits the following declaration in response to the Objection to Debtor's Chapter 13 Plan, filed by 3939 WPR Funding LLC's (the "Creditor"), and respectfully represents and alleges as follows:

### BACKGROUND

1. The Debtor filed a chapter 13 bankruptcy petition on December 8, 2013.

2. The Debtor filed a chapter 13 plan (the "Plan") on December 8, 2013.

3. Creditor alleges that the Plan contains errors and omissions, and does not comply with the applicable provisions of the Bankruptcy Code and is not feasible as proposed.

### ARGUMENT

4. Rather than containing unspecified errors or omissions, the Plan provides for proper handling of Creditor's claim, however, the Debtor verily believes that the proof of claim filed by Creditor was overstated. The Debtor is entitled to object to Creditor's proof of claim, and intends to do so. Specifically, the Debtor believes that the alleged default interest was either improperly charged or calculated, or is excessive, usurious, or otherwise improper. In addition, Creditor lists excessive attorneys fees that are not itemized with specificity. Finally, Creditors

proof of claim includes penalties, including a prepayment penalty, which is improperly included in this proof of claim since no prepayment is contemplated. Ultimately, the Debtor fully intends to comply with all applicable provisions of the Bankruptcy Code, including proposing a plan that repays allowed secured-claim arrears.

5.   The Debtor further is and intends on continuing making Plan payments and post-petition payments on secured claims in accordance with the Plan. Any discrepancies in what has been received and the amount provided for in the Plan these discrepancies will be corrected.

6.   Creditor claims that Debtor is not following the provisions of 363 of the Bankruptcy Code related to cash collateral. The Creditor, however, has failed to allege that any funds it claims are "cash collateral" are subject to a security interest as provided in section 552(b) of the Bankruptcy Code. Further, Creditor has failed to allege that it has any interest in any alleged "cash collateral" pursuant to Section 363(c)(2)(A) of the Bankruptcy Code. Finally, even if post-petition rental income does constitute cash collateral, and further if the Creditor had established some right to same, the Debtor is currently paying all rental income received from the Property to the Creditor and such payments are provided for by Category 4 (c) ("Post-Petition Payments") of the filed Plan. Thus, the Debtor is not using any alleged "cash collateral."

7.   The Debtor also notes that the plan contemplates a curing of the allowed arrears and so would make inapplicable or moot, any suggestion that the Creditor is in any way prejudiced by the Plan.

WHEREFORE, the Debtor respectfully requests an Order denying the Creditor's motion in its entirety and for other appropriate relief.

Dated: Harrison, NY
      April 23, 2014

                                BRONSON LAW OFFICES, P.C.

                      By:   /s/ H. Bruce Bronson
                              H. Bruce Bronson, Esq.
                              480 Mamaroneck Avenue
                              Harrison, NY 10528
                              Ph: 877-385-7793
                              Fax: 888-908-6906