| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | HEARING DATE: JUNE 17, 2014<br>HEARING TIME: 2:00PM |

In re:                                                             Chapter 13

    Marcia Campbell,

                                                  Case No. 13-40003-(alg)

        Debtor

## OBJECTION TO PROOF OF CLAIM #8 (and 12 if applicable), AS AMENDED FILED BY NINEL BAKER ("BAKER")

Marcia Campbell, the above-captioned debtor (the "Debtor"), by and through her undersigned counsel, pursuant to Rule 3007 of the Rules of Bankruptcy Procedure, respectfully objects to the proof of claim filed in this case by the above named creditor and in support thereof hereby affirms the following:

### PROCEDURAL HISTORY

1. The Debtor filed a voluntary chapter 13 bankruptcy petition on December 8, 2013 (the "Petition"). See **Exhibit "A"**.

2. Debtor has filed a motion to avoid Baker's lien which was filed by Debtor on April 23, 2014.

3. Baker was listed on Schedule D of the Petition as a subordinated secured creditor of the Debtor's commercial property, located at 3939 White Plains Road, Bronx, New York 10466 (the "Property"). See **Exhibit "B"**.

4. On February 7, 2014, Baker filed a proof of claim, claiming a secured claim in the amount of $79,619.18, including $34,619.18, in pre-petition arrears. An amended proof of claim was filed indicating that the amount had increased to $88,314.53;

however, the amendment as filed is unclear as to the increase, since a portion of the amended filing seems to have not been uploaded to ecf. See **Exhibit "C"**.

5. The proof of claim breaks down the arrears as follows:

   a. $32,400 interest owed for 4 years at the rate of 18% per annum;

   b. $2,219.18 interest owed for 100 days at the rate of 18 per annum%

## THE PROOF OF CLAIM FAILS TO ACCOUNT FOR AMOUNTS PAID BY CLIENT

6. Debtor submits that payments were made on the $45,000 note amount held by Baker; however, Debtor's records are presently being held by an accountant who has to date refused to release them despite counsel making demand. Baker has contended that no payments were ever made. Once Debtor secures its records she will provide evidence of payment.

7. Baker's claim should be reduced by any payments made by Debtor.

## DEFAULT INTEREST RATE IS UNCONSIONABLE, UNREASONABLE AND A PENALTY, RATHER THAN ACTUAL COMPENSATION FOR BAKER.

8. The promissory note set forth in Baker's proof of claim provides for an increase in interest from 8% to 18% in the event of a default. Clearly, the Default Rate is a penalty and should be expunged. In *In re Vest Associates*, 217 B.R. 696 (S.D.N.Y. 1998), the court in its analysis of the case law stated that "the developing consensus is a presumption in favor of the contract default rate *subject to equitable considerations (emphasis added)*. This equitable approach permits a court to examine the specific facts of each case to determine whether the circumstances warrant application of the higher default rate. These considerations generally hinge upon the question of whether the default rate compensates the creditor for any loss resulting from nonpayment or is in fact a disguised penalty". *Id* at 702. Compare, *Ruskin v.*

*Griffiths*, 269 F.2nd at 832 (where the debtor was solvent and unsecured creditors were not harmed by imposition of higher interest rate).

9. Debtor asks this court to exercise its equitable discretion and disallow the default rate of interest because (1) it would prejudice unsecured creditors (*see In re 139-141 Owners Corp*, 306 B.R. 763 (Bankr. S.D.N.Y. 2004)); (2) it is an excessive default interest rate (*In re Vest Associates*, 217 B.R. 696(S.D.N.Y. 1998)) and *In re Hollstrom*, 133 B.R. 535, 541 (Bankr. D. Colo 1991); and (3) the default interest rate is not equivalent to actual damages (*In re: Zamani*, 390 B.R. 680, 688 (Bankr. N.D.Cal. 2008)); and *In re: Hassen Imports P'ship*, 256 B.R. 916, 925 (B.A.P. 9th Cir. 2000); and (4) the interest rate when considered with the penalties and fees may exceed the New York usury rate, which is 25%.

10. This court has rendered at least two decisions on default interest one of which finds that default interest was allowable and one where it was denied. *In re: General Growth Properties, Inc.* (Bankr. S.D.N.Y. 2011) (case no. 09-11977; and *In re: Northwest Airlines Corporation* (Bankr. S.D.N.Y. 2007) (case no. 05-17930). In both those cases this court recognized that there were factors that could exist that would call for the denial of default interest such as the default rate being a penalty and the debtor's insolvency. *General Growth Properties* at 9. In the instant case the Default rate of 18%, which is 10% higher than the non-default rate, is a disguised penalty and the Debtor is insolvent as demonstrated by the schedules attached to Debtor's petition.

**WHEREFORE**, the Debtor respectfully requests the Court (1) strike the proof of claim #8, as amended, in its entirety, or (2) reduce Baker's claim by the amount of the default interest

and legal fees, or by such other amount as is in the courts discretion; (3) grant the Debtor such further relief as this Court deems just and proper.

Dated: Harrison, NY
May 16, 2014

                        BRONSON LAW OFFICES, P.C.

By:  /s/ H. Bruce Bronson
      H. Bruce Bronson, Esq.
      480 Mamaroneck Avenue
      Harrison, NY 10528
      Ph: 877-385-7793
      Fax: 888-908-6906